**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEAN RUSSO, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>SUNFROG LLC, a Michigan limited liability company,<br><br>        Defendants. | CIVIL ACTION NO. _____<br><br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff DEAN RUSSO hereby complains of SUNFROG LLC ("SunFrog") and alleges the following:

### THE PARTIES

1.      Plaintiff Dean Russo ("Mr. Russo") is an individual residing in Brooklyn, NY.

2.      Mr. Russo is informed and believes, and thereon alleges, that Defendant SunFrog LLC is a limited liability company organized and existing under the laws of the State of Michigan and has a principal place of business in Gaylord, MI.

3.      Mr. Russo is informed and believes, and thereon alleges, that SunFrog operates the website found at www.sunfrog.com. Upon information and belief, through this website SunFrog markets, sells, manufactures, and distributes apparel and home goods items bearing various phrases, images, and designs.

4.      Mr. Russo is informed and believes, and thereon alleges, that SunFrog regularly conducts business in, and has committed the acts alleged herein, within this judicial district, thereby causing harm within this judicial district.

1

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 because the action alleges, *inter alia*, violations of the U.S. Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

6.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims because the state law claims arise out of the same nucleus of operative fact and are so related to the federal cause of action that they form the same case or controversy.

7.      Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein alleged occurred in this judicial district and substantial harm has been caused in this judicial district, including because SunFrog has consistent business transactions in New York, the infringed copyrighted material was created and is owned in New York, and because SunFrog's actions have injured Mr. Russo, who resides in this judicial district.

8.      Mr. Russo is informed and believes, and thereon alleges, that SunFrog is subject to the personal jurisdiction of this Court because SunFrog has had continuous, systematic, and substantial contacts within the state of New York including doing business in New York, targeting and communicating with consumers in New York, and causing harm to Mr. Russo's copyrights and business within New York.  SunFrog has targeted sales from New York consumers by operating a fully-interactive online retail store that is both accessible from, and offers shipping to, New York.  Upon information and belief SunFrog has entered into agreements with New York residents who agree to have their goods offered for sale, manufactured, and sold by SunFrog through the SunFrog platform in exchange for a commission.

2

## GENERAL ALLEGATIONS

9.      Mr. Russo in an individual artist and small business owner. He has worked as a

print artist for over twenty years and has invested substantial time, effort, and financial resources

into developing his craft and reputation within the industry.  Over the years, Mr. Russo has

become well known for his unique style of drawing; incorporating unexpectedly bright colors,

varying textures and shapes, and even stylized words into portraits of animals, religious figures,

musicians, and other subjects.

10.      Indeed, in order to encourage the growing popularity of this unique portrait style,

Mr. Russo began working with Art Licensing International, Inc. ("Art Licensing"), a commercial

licensing company, in May 2014.  At all times relevant to this complaint, Art Licensing has acted

as Mr. Russo's exclusive licensing agent; negotiating licensing agreements, publicizing his

works (through its website artlicensing.com, its annual catalog, and its periodic e-newsletters),

and thus enabling Mr. Russo to broaden the scope of his sales to licensed goods, including

clothing and numerous other licensed products, bearing his stylized portraits.

11.      One of the most popular subjects within Mr. Russo's art is the American

Staffordshire Terrier ("pit bull").  In 2011 Mr. Russo created the number of works including pit

bull imagery entitled "Beware of Pit Bulls," "Cheer," "Pit Bull Love," "You Can't Ban

Happiness," "Smile," and "My Favorite Breed" (collectively, "Infringed Works").  Each of these

Infringed Works features Mr. Russo's well-known drawing techniques as applied to pit bull dogs

in various non-threatening poses, with most including positive statements written using text

placed around their heads or bodies (*e.g.*, "Beware of pit bulls they will steal your heart.").

12.      Mr. Russo's Infringed Works, including the drawing, text, and arrangement of

component parts, are wholly-original works that constitute copyrightable subject matter under

the laws of the United States. Mr. Russo owns all right, title, and interest in these Infringed
Works.

13.     Further, Mr. Russo has complied in all respects with the Copyright Act of 1976,
17 U.S.C. § 101 *et seq*. On November 17, 2016, Mr. Russo filed to register his copyright for the
"Beware of Pit Bulls" work (the "Registered Work") with the U.S. Copyright Office. Reg. No.
VA 2-083-555. *See* Exhibit 1, Registration Certificate.

14.     In addition, Mr. Russo has applied for the registration of his copyrights in other
Infringed Works entitled "Cheer," "Pit Bull Love," You Can't Ban Happiness," "My Favorite
Breed," and "Smile."  The copyright applications for these works were applied for on January
25, 2018 as: "Cheer," application number 1-6223773151; "Pit Bull Love," application number 1-
6223840572; "You Can't Ban Happiness," application number 1-6223840627; "My Favorite
Breed," application number 1-6223840837; and "Smile," application number 1-6223840782.
These applications are currently pending and once issued will have the effective date of
registration of January 25, 2018.

15.     At all times relevant to this Complaint, Mr. Russo's website
(www.deanrussoart.com) has included a copyright notice at the bottom of each webpage, which
currently reads "© 2018 Dean Russo Art" and all works previewed on Mr. Russo's website
include a watermark of the text "deanrussoart.com."

16.     At all times relevant to this Complaint, Art Licensing's website
(www.artlicensing.com) has included a copyright notice at the bottom of each webpage, which
currently reads "COPYRIGHT © 2008-2018" and all works previewed on Art Licensing's
website included multiple watermarks over each previewed image.

17.     Without permission from Mr. Russo and since at least November 2017, SunFrog has been offering for sale, distributing, marketing, and/or selling goods – including t-shirts, hoodies, sweatshirts, and other products (*e.g.*, mugs) – incorporating infringing copies of the Infringed Works, including the Registered Work.

18.     SunFrog's online platform consists of a marketplace where users have the option of either purchasing goods predesigned by other users directly from the site or creating their own products for purchase by uploading images and designs to "blank" products and ordering the designed product from SunFrog.  For both of the foregoing order avenues, SunFrog manufactures and distributes the goods in question, and collects money from each purchaser in return.  After designing products, users have the option to have their goods listed in SunFrog's product database.  Goods in this database are then marketed and sold by SunFrog on a continuing basis in concert with each user's online "shop."  After an order is placed, SunFrog manufactures and ships the goods and keeps the majority of the profit.  During this process and before shipment of these goods, SunFrog has possession of and an opportunity to inspect the goods it prints.  Indeed, it advertises its "quality control at every stage of [a customer's] order[.]" SunFrog Shirts, *SunFrog B2B Multi-Location Apparel*, YouTube (Sept. 2, 2016), https://www.youtube.com/watch?v=DtUIVgKtMtQ&t=3s.

19.     In addition to advertising products directly on its website, SunFrog also promotes product advertisement on social media websites by teaching users to utilize platforms like Facebook and Pinterest and by providing sales tracking tools to monitor these efforts. *See, e.g.*, SunFrog Shirts, *SunFrog Pixel Manager | Manage Multiple Facebook Tracking Pixels*, YouTube (Feb. 3, 2017), https://www.youtube.com/watch?v=BqsrGWIdNpQ; SunFrog Shirts, *How to Target Forums on Facebook*, YouTube (Jan. 30, 2017),

5

https://www.youtube.com/watch?v=fAGXB-auqPw; SunFrog Shirts, *Module 6: Social Platform Overview and Sharing Options*, YOUTUBE (May 11, 2017), https://www.youtube.com/watch?v=-vWM5iypPeE.

20.     Goods incorporating the Infringed Works have been consistently advertised and sold through both of SunFrog's sales avenues discussed above. As such, SunFrog has not only manufactured, shipped, and received money for infringing products designed by its customers, it has in fact proactively advertised infringing items on its website to promote and actively participate in their sale, manufacture, and distribution.

21.     A side-by-side comparison of the Infringed Works with examples of SunFrog's infringing products on the following pages evidences that SunFrog has marketed, sold, and distributed derivate works incorporating the Infringed Works, including the Registered Work.

| The Infringed Works | SunFrog's Infringing Work |
|---|---|
|  Registration No. VA 2-083-555 |  *Pit Bulls Make Me Happy Grandpa Grandma Dad Mom Girl Boy Guy Lady Men Women Man Woman Dog Lover*, https://www.SunFrog.com/Pets/128031738-797463941.html. |



"Cheer"
Case No. 1-6223773151



*Happiness is a Pit Bull Smile Love Pitbull Tshirts Love Pitbull Shirts Love Pit Bull Shirts,* https://www.SunFrog.com/Pets/129666756-837418994.html.



"Pit Bull Love"
Case No. 1-6223840572



*Pitbull Love Full Color Mug,*
https://www.SunFrog.com/Pets/113120640-
403776932.html.

9



"You Can't Ban Happiness"
Case No. 1-6223840627



*Nothing Beats a Pitbull*,
https://www.SunFrog.com/Pets/114166330-436199160.html.



*Pitbulls Smile Art*,
https://www.SunFrog.com/Pets/110691444-328260509.html.



"Smile"
Case No. 1-6223840782



*Happines is a Pit Bull Smile*,
https://www.SunFrog.com/Pets/Happines-is-a-Pit-Bull-Smile.html.



"My Favorite Breed"
Case No. 1-6223840837



*Pit Bull Graphic Pitbull Dog Dad Mom Lady Man Men Women Woman Girl Boy Lover*,
https://www.SunFrog.com/Pets/111391110-351972728.html.

22.     Mr. Russo created the Infringed Works in 2011 and published them in January 2012. SunFrog and its users had access to the Infringed Works, including at trade shows, on Mr. Russo's and Art Licensing's websites, and on numerous licensed products in the marketplace.

23.     SunFrog's infringement of the Infringed Works has harmed Mr. Russo and his business.  These infringing sales threaten to divert Mr. Russo's current customers and licensees, interfere with his ability to gain new customers and licensees, and as a result, damages his works, the value of his works, and his ability to license his work.

24.     Upon discovering this infringement, Mr. Russo sent a letter, through counsel, to SunFrog on November 9, 2017 providing formal notice of his rights in the Infringed Works and of the infringing nature of SunFrog's conduct and requested that it immediately cease and desist from the manufacture, importation, distribution, exportation, sale, public display, and creation of any derivative works using Mr. Russo's copyrighted content.  Having received no response, on November 29, 2017, Mr. Russo through counsel sent a follow up letter reiterating his rights in the Infringed Works and of the infringing nature of SunFrog's conduct. On December 12, 2017, Mr. Russo through counsel received a response from SunFrog, contending it is not liable for infringing content because it operates a platform for third party design but noting that it would remove the specific infringing items listed in Mr. Russo's initial letter. Though SunFrog did remove some of this listed infringing content, numerous additional infringing works were posted after this letter was received with no apparent response from SunFrog.  As a result, Mr. Russo again contacted SunFrog through counsel on December 15, 2017 to note this deficiency and to further clarify the significance of SunFrog's infringement liability.  To date, Mr. Russo has received no response to this letter.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement of the Registered Work)
### (17 U.S.C. § 101 *et seq.*)

25.     Mr. Russo incorporates by reference the foregoing paragraphs as if fully set forth herein.

26.     As above, Mr. Russo is the owner of a valid and registered copyright in the Registered Work, "Beware of Pit Bulls" (Copyright Reg. No. VA 2-083-555).

27.     Mr. Russo is the owner of the copyright in the Infringed Works and once the remaining applications for registration issue, will seek to amend this Complaint to include claims for infringement of all of the Infringed Works.

28.     SunFrog had access to the Infringed Works, including the Registered Work, as early as January 2012 when they became widely available for sale and license, including through trade shows, on Mr. Russo's and Art Licensing's websites, and on numerous licensed products in the marketplace.

29.     SunFrog has promoted, sold, manufactured, and distributed goods including content that is identical to, and/or clearly derivative of, the Infringed Works, including the Registered Work. Specifically, the SunFrog merchandise at issue infringes upon every aspect of the Infringed Works, including the Registered Work, incorporating a precise replica into infringing derivate works.

30.     SunFrog is infringing the copyright in the Infringed Works, including the Registered Work, by unlawful copying, reproduction, preparing derivative works, and publicly displaying identical or substantially similar content in violation of the United States Copyright Act, 17 U.S.C. §106.  At no time has Mr. Russo authorized SunFrog to copy, prepare derivative

works, or publicly display the Infringed Works, including the Registered Work or any portions thereof.

31.     SunFrog's infringements were and are willful, and executed with full knowledge of Mr. Russo's copyright, and in conscious disregard of Mr. Russo's exclusive rights in his protected works.

32.     SunFrog is not eligible for protection as a "service provider" under the Digital Millennium Copyright Act's ("DMCA") "safe-harbor" provision in 17 U.S.C. § 512(c), as it is not merely a "provider of online services or network access, or the operator of facilities therefor[,]" but rather takes an active role in the pricing, marketing, sale, manufacturing, and distribution of the infringing goods at issue. 17 U.S.C. §512(k)(1)(B).  In other words, rather than operating purely as a passive platform on which users sell their wares, SunFrog works directly with users to facilitate sales, manufacture requested goods, and distribute the same; all for its own financial gain.  Further, because SunFrog has the right and ability to control the manufacture, marketing, sale, and distribution of these infringing goods and receives a direct financial benefit from these sales, even if it is found to be a service provider under the DMCA, it could not benefit from safe-harbor protections.  Finally, even ignoring the above, SunFrog cannot take advantage of this safe-harbor provision because it has had reason to know of this infringing conduct since at least November 9, 2017 when Mr. Russo first contacted SunFrog about the infringing conduct alleged herein.  Even with this direct knowledge of its infringing conduct, SunFrog continued to actively participate in the marketing, sale, manufacture, and distribution of infringing goods, as evidenced by infringing content found on its site after the receipt of Mr. Russo's initial letter.

14

33.    By reason of SunFrog's infringement, Mr. Russo has sustained and will continue to sustain substantial injury, loss, and damage to his ownership rights in the Infringed Works, including the Registered Work.

34.    Further irreparable harm to Mr. Russo is imminent as a result of SunFrog's conduct, and Mr. Russo is without an adequate remedy at law.  Mr. Russo is therefore entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining SunFrog, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with SunFrog from engaging in further acts of copyright infringement.

35.    Mr. Russo is further entitled, in accordance with 17 U.S.C. § 503, to the impounding by this Court of all: copies or derivative works made in violation of Mr. Russo's exclusive rights in The Registered Work; articles by means of which such copies or derivative works may be reproduced; and all records detailing the manufacture, sale, or receipt of compensation or goods involved in any infringement of the Registered Work.

36.    Mr. Russo is further entitled to recover from SunFrog the damages sustained by Mr. Russo as a direct and proximate result of SunFrog's acts of infringement to be determined at trial.

37.    Mr. Russo is further entitled to recover from SunFrog the profits SunFrog has obtained attributable to its acts of copyright infringement, to be determined at trial.

38.    At his election, Mr. Russo is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

39.    Mr. Russo is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Russo prays for judgment in his favor against SunFrog for the following relief:

1.      An Order that preliminarily restrains and a Final Order that permanently enjoins SunFrog and all persons acting in concert with it from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the Infringed Works, including the Registered Work, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in SunFrog's possession or control;

2.      An Order that impounds all copies or derivative works made in violation of Mr. Russo's exclusive rights in the Registered Work; articles by means of which such copies or derivative works may be reproduced; and all records detailing the manufacture, sale, or receipt of compensation or goods involved in any infringement of the Registered Work;

3.      An Order that requires SunFrog to pay to Mr. Russo SunFrog's profits and Mr. Russo's actual damages to be determined at trial, plus interest;

4.      An Order that requires SunFrog to pay Mr. Russo statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Mr. Russo's election;

5.      For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505; and

6.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Russo respectfully demands trial by jury on all claims so triable under the law as

provided by Rule 38(a) of the Federal Rules of Civil Procedure.


DATED: February 1, 2018                         Respectfully submitted,

                                                By: _____

                                                Joshua J. Kaufman (Bar No. 1955400)
                                                JJKaufman@venable.com
                                                Meaghan H. Kent (pro hac vice to be filed)
                                                MHKent@venable.com
                                                VENABLE LLP
                                                600 Massachusetts Avenue NW
                                                Washington, D.C. 20001
                                                T: (202) 344-4000
                                                F: (202) 344-8300

                                                *Counsel for Plaintiff Dean Russo*

EXHIBIT 1

REGISTRATION CERTIFICATE

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-083-555

**Effective Date of Registration:**
November 17, 2016

---

**Copyright Registration for One Work by One Author**
Registration issued pursuant to 37 CFR §202.3

## Title

**Title of Work:**   Beware of Pit Bulls

## Completion/Publication

**Year of Completion:**   2011
**Date of 1st Publication:**   January 15, 2012
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Dean Russo
  **Author Created:**   2-D artwork
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Dean Russo
220 36th Street, Box #66, Brooklyn, NY, 11232, United States

## Rights and Permissions

**Name:**   Dean Russo
**Address:**   220 36th Street
Box #66
Brooklyn, NY 11232 United States

## Certification

**Name:**   Joshua J. Kaufman
**Date:**   November 17, 2016

**Correspondence:**   Yes